UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CESAR LIMA,

        Plaintiff,

 -against-           1:05-CV-0502
                  (LEK/DRH)

NABIL M. ATTIE; NAR COMPANY, INC.,
*Individually and d/b/a* HEARTCRAFT
STONE OVENS,

        Defendants.

## ORDER

  Plaintiff Cesar Lima ("Plaintiff" or "Lima") brought this action against Defendants, seeking payment for, *inter alia*, violations of Federal and New York State labor laws, including Article 19 of the New York State Labor Law, and the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. See Complaint (Dkt. No. 1).[1]

  The above-captioned Defendants, Nabil M. Attie, and Nar Company, Inc., individually and doing business as Heartcraft Stone Ovens, have failed to file Answers or other responsive papers to the Complaint - and their time to do so has expired - thereby violating Federal Rule of Civil Procedure 12.  See FED. R. CIV. P. 12(a); United States v. Alcan Aluminum Corp., No. 5:03-CV-0765 (NPM/RFT), 2006 WL 1133291, at *5 (N.D.N.Y. Apr. 26, 2006) (McCurn, Senior D.J.).  On August 26, 2005, Plaintiff filed a Request for Entry of Default against Defendants,

---

[1] Although Plaintiff claims to have brought this action on behalf of himself, and "as a representative action on behalf of others similarly situated for claims brought under the Fair Labor Standards Act...", see Complaint (Dkt. No. 1) at ¶ 3; see also id. at ¶¶ 1-2, this Default Judgment concerns only Defendants' failures as to the named Plaintiff herein.

pursuant to Federal Rule of Civil Procedure 55 and Northern District Local Rule 55.1, which the Clerk's Office for the Northern District of New York entered on August 29, 2005.  See Request for Entry of Default (Dkt. No. 9); Clerk's Entry of Default (Dkt. No. 10); FED. R. CIV. P. 55(a); N.D.N.Y. L.R. 55.1.

Plaintiff has now moved for default judgment against Defendants.  See Motion for Default Jdmt. (Dkt. No. 11).

Following review of the Record and the submissions of Plaintiff, this Court finds that the amounts requested by Plaintiff, including principal amounts, liquidated damages, accrued interest and other charges, attorney's fees and costs, are due and owing to Plaintiff in this matter.[2] Therefore, the Court will grant Plaintiff's Motion for default judgment against Defendants, and Defendants are ordered to pay the full amounts as set forth by Plaintiff (Dkt. No. 11).

Therefore, based on the foregoing, it is hereby

**ORDERED**, that Plaintiff's Motion for Default Judgment (Dkt. No. 11) is **GRANTED**. The Clerk shall enter Default Judgment against Defendants, jointly and severally, in the amounts as set forth by Plaintiff in the Motion (Dkt. No. 11) - with the one correction of amount as noted *supra*, n.2 - *to wit*:

(1)  **FORTY-FIVE THOUSAND AND FORTY-EIGHT DOLLARS AND TWENTY-SEVEN CENTS ($45,048.27), plus pre-judgment interest at the RATE OF NINE PERCENT (9.00%) SIMPLE INTEREST PER ANNUM on New York Labor Law and New York Contract Law actual damages**; and

---

[2] The Court has noted one error in Plaintiff's calculations, however.  With regard to the amount due for the New York "Spread of Hours" Law violation, Plaintiff claims an amount of $933.31 to be due ($746.75 plus liquidated damages of 25%, which Plaintiff claims to be $186.56). See Mem. of Law in Support of Def. Jdmt. (Dkt. No. 11, Attach. 2) at 6.  However, by the Court's calculations, 25% of $746.75 equals **$186.69**.  Therefore, the Court awards **$933.44** in this category.

2

    (2) attorney's fees and costs of **FIVE THOUSAND NINE HUNDRED AND EIGHTY-TWO DOLLARS AND FIFTY CENTS ($5,982.50)**;

and it is further

    **ORDERED**, that the Clerk serve a copy of this Order on all parties.

    **IT IS SO ORDERED**.

DATED:    August 24, 2006
               Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge